UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WILDER,                                    Case No. 12-14155

            Plaintiff,                        Robert H. Cleland
v.                                             United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                Michael Hluchaniuk
                                               United States Magistrate Judge
            Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 11)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On September 19, 2012, plaintiff Mark S. Wilder filed the instant suit

seeking judicial review of the Commissioner's unfavorable decision disallowing

benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1

(b)(3), District Judge Robert H. Cleland referred this matter to the undersigned for

the purpose of reviewing the Commissioner's decision denying plaintiff's claim

for a period of disability and disability insurance benefits.  (Dkt. 3).  This matter is

before the Court on cross-motions for summary judgment.  (Dkt. 9, 11).

### B.   Administrative Proceedings

Plaintiff filed the instant claim for disability insurance benefits on February

18, 2010, alleging that he was disabled beginning February 1, 2007. (Dkt. 6-2, Pg ID 37).[1]  The claim was initially disapproved by the state agency responsible for making disability determinations on behalf of the Commissioner on March 16, 2010. (Dkt. 6-3, Pg ID 73).  Plaintiff requested a hearing and on March 22, 2011, plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Earl A. Witten, who considered the case *de novo*. (Dkt. 6-2, Pg ID 47-65).  In a decision dated April 5, 2011, the ALJ found that plaintiff was not disabled. (Dkt. 6-2, Pg ID 34-44).[2]  Plaintiff requested a review of that decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on July 23, 2012, denied plaintiff's request for review.  (Dkt. 6-2, Pg ID 24-26); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

_____

[1] The undersigned notes that plaintiff's application for disability benefits is not in the record.  However, the ALJ stated that plaintiff filed the instant application on February 18, 2010 (Dkt. 6-2, Pg ID 37), and plaintiff does not dispute that he filed the application on February 18, 2010, alleging disability as of February 1, 2007.  (Dkt. 9, Pg ID 199).

[2] The undersigned notes that plaintiff previously filed applications for a period of disability and disability insurance benefits, with the most recent prior application date of June 21, 2005, alleging disability beginning March 11, 2005.  That application was denied, after a hearing, by ALJ Witten in a decision dated January 25, 2007.  (Dkt. 6-2, Pg ID 37; Dkt. 6-3, Pg ID 74-83).

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1956 and was 52 years of age as of his date last insured, June 30, 2008.  (Dkt. 6-2, Pg ID 43).  Plaintiff's relevant work history included work as a welder.  (*Id.*).  The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of February 1, 2007, through his date last insured of June 30, 2008.  (Dkt. 6-2, Pg ID 39).  At step two, the ALJ found that plaintiff's degenerative disc disease, lumbar spine, status-post microdiscectomy in December 2005, and degenerative joint disease were "severe" within the meaning of the second sequential step, but that plaintiff's asthma was non-severe.  (*Id.*).  At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meet or equal the severity of one of the listings in the regulations.  (Dkt. 6-2, Pg ID 40).

The ALJ concluded that plaintiff had the following residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b)
> except the claimant requires the option to sit or stand at
> will.  He should never climb ladders, scaffolds, or ropes
> and only occasionally climb ramps or stairs, balance,
> stoop, crouch, kneel or crawl.  He can only occasionally
> twist or turn at the waist, and never bend. [Plaintiff]
> should avoid concentrated exposure to fumes, odors,

3

dusts, gases, or respiratory irritants.  He requires the use
of a cane to ambulate distances of 100 feet or more.

(Dkt. 6-2, Pg ID 40).  At step four, the ALJ found that plaintiff could not perform

his past relevant work.  (Dkt. 6-2, Pg ID 42-43).  At step five, the ALJ denied

plaintiff benefits because he could perform a significant number of jobs available

in the national economy.  (Dkt. 6-2, Pg ID 43-44).

### B.    Plaintiff's Claims of Error

Plaintiff claims that the ALJ failed to properly evaluate the medical records

and opinions and thus formed an inaccurate hypothetical that did not accurately

portray plaintiff's impairments.  Plaintiff asserts that he has documented

degenerative disc disease, lumbar spine, status-post microdiscectomy in December

2005, and degenerative joint disease, and that he testified at the hearing that he is

able to stand for about 60 minutes before he has to sit down and take a break

because his "back hurts too much and [his] leg gives out every now and then."

(Tr. 33).  In addition, he doubted his ability to perform even a greeter position at

Walmart due to his back and leg pain.  Plaintiff stated that the heaviest weight he

could lift is a gallon of milk, and he required the use of a cane to ambulate

distances of 100 feet or more for fear of his leg giving out and collapsing.  (Tr. 33,

39).  Plaintiff argues that the ALJ's finding that plaintiff is capable of performing

the positions as an assembler, inspector/checker, machine feeder, and machine

4

operator while using a cane and continuously requiring the need to sit and stand at will due to back pain and the fear of his leg giving out and him collapsing is not substantiated.  According to plaintiff, the ALJ erroneously concluded that plaintiff was not credible in part because he has not sought further treatment due to not having full medical coverage.

Plaintiff further argues that the ALJ's finding that plaintiff could occasionally lift up to 20 pounds and frequently lift 10 pounds was improper, because plaintiff testified that he cannot lift more than a gallon of milk–or approximately 12 pounds.  Further, plaintiff uses a cane, which he argues further limits his ability to lift, and prohibits his ability to engage in any stooping, crouching, kneeling, or crawling without fear of significant back pain or collapsing due to his leg giving out while performing these activities.  In addition, plaintiff contends that he has well-documented persistent back pain, including complaints for "chronic back pain" on November 14, 2006, October 12, 2007, July 28, 2009, February 2010, and August 2010 through present (Tr. 35, 141, 143, 147, 160).  Thus, plaintiff argues, assuming he is found credible, the record contains complaints of back pain that pre-date his date last insured and would support a finding of disability. Therefore, plaintiff concludes, the Court should reverse the decision of the Commissioner and award plaintiff benefits, or, in the alternative, remand this case back for further proceedings regarding the issues as set forth by

plaintiff.

**C.      The Commissioner's Motion for Summary Judgment**

According to the Commissioner, the only issue in this case is whether the

ALJ appropriately found that plaintiff's claims of debilitating limitations due to

back and knee pain were not fully credible.  (Tr. 18-19).  As explained

in *Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003)

"an ALJ is not required to accept a clamant's subjective complaints and may

properly consider the credibility of a claimant when making a determination of

disability." Here, the ALJ found that plaintiff's claimed limitations conflicted with

his very limited treatment history and the lack of objective medical evidence.  (Tr.

18-19).  The Commissioner argues that despite plaintiff's arguments to the

contrary, substantial evidence supports the ALJ's decision.

The Commissioner contends that, as an initial matter, plaintiff frames the

issue as being whether the hypothetical question included all of his limitations.

(Dkt. 9, Pg ID 201-02).  However, the Commissioner argues, the issue is best

addressed as being whether substantial evidence supports the ALJ's residual

functional capacity ("RFC") finding.  In his decision, the ALJ first found that

plaintiff had the RFC to perform light work with several other restrictions, based

on the ALJ's review of the record evidence and consideration of a prior ALJ's

decision.  (Tr. 17-19).  After making his RFC finding, the ALJ considered the

vocational expert's testimony regarding what work could be performed by a hypothetical person with the same limitations as those included in the RFC finding. (Tr. 20-21). Because the accuracy of the hypothetical question depended entirely on whether substantial evidence supports the RFC finding, the Commissioner asserts that it will focus on the ALJ's RFC finding.

The Commissioner argues that in determining plaintiff's RFC, the ALJ reasonably found that plaintiff's claimed limitations conflicted with his very limited treatment history. (Tr. 18-19). The Commissioner states that a claimant's failure to seek treatment may undercut his or her credibility with respect to subjective complaints. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). Indeed, the Commissioner continues, plaintiff received almost no treatment for the conditions he alleges were disabling. Between February 1, 2007, plaintiff's alleged onset of disability date, and June 30, 2008, his date last insured, plaintiff only complained of back pain during one visit. (Tr. 143). Further, the Commissioner continues, during the relevant period, the only treatment plaintiff received was a prescription for Vicodin. (Tr. 141).

The Commissioner further argues that the ALJ also noted that there was a lack of objective medical evidence in the record. (Tr. 19). In fact, the Commissioner contends, the record contains no clinical findings or diagnostic studies concerning plaintiff's back and knee condition. Instead, the bulk of

plaintiff's argument is simply that he complained of debilitating limitations

and that the limitations he described would preclude work.  However, according to

the Commissioner, plaintiff points to nothing other than his subjective complaints

to support his argument and he fails to identify any error in the ALJ's credibility

determination.  Plaintiff does suggest that he could not afford health care, which

the Commissioner asserts is an indirect criticism of the ALJ's finding that

plaintiff's limited treatment history conflicted with his claimed limitations.

However, the Commissioner argues, plaintiff fails to mention that the ALJ

adequately addressed this issue.  The Commissioner argues that Social Security

Ruling (SSR) 96-7p states that an ALJ must not draw any inferences about an

individual's symptoms and their functional effects from a failure to seek or pursue

regular medical treatment without first considering any explanations that the

individual may provide, or other information in the record that may explain

infrequent treatment or a failure to seek treatment.  The Commissioner asserts that

the ALJ complied with this ruling.  (Tr. 19).  Specifically, the ALJ considered

plaintiff's testimony that he had health insurance, but had to pay for office visits,

which cost $90.  (Tr. 19, 35).  However, the ALJ found that if plaintiff's

conditions caused the degree of pain he alleged, it would be reasonable to assume

that he would have paid for care from his pension or sought a less expensive

doctor.  (Tr. 19).  Indeed, the Commissioner argues, plaintiff indicated in his

testimony that he had not even determined whether his pension system offered more comprehensive insurance.  (Tr. 35-36).

The Commissioner contends that plaintiff fails to identify any error in the ALJ's well-supported decision and thus asks this Court to find that the Agency's final decision is supported by substantial evidence in the record, and to enter judgment affirming the final decision pursuant to 42 U.S.C. § 405(g).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions

9

absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec.
Rul. 96-7p, 1996 WL 374186, *4.

   If supported by substantial evidence, the Commissioner's findings of fact
are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the
Commissioner's decision merely because it disagrees or because "there exists in
the record substantial evidence to support a different conclusion." *McClanahan v.
Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800
F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a
scintilla of evidence but less than a preponderance; it is such relevant evidence as
a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486
F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard
presupposes that there is a 'zone of choice' within which the Commissioner may
proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027,
1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

   The scope of this Court's review is limited to an examination of the record
only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.
2001).  When reviewing the Commissioner's factual findings for substantial
evidence, a reviewing court must consider the evidence in the record as a whole,
including that evidence which might subtract from its weight. *Wyatt v. Sec'y of
Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of

appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

### B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have

12

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.

> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.

Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

14

decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

### C.    Analysis

Plaintiff claims that the ALJ formed an improper hypothetical question that did not accurately portray plaintiff's impairments. Specifically, plaintiff complains that the ALJ improperly found that plaintiff's claims of debilitating limitations due to back and knee pain were not fully credible, in making his residual functional capacity determination and in posing the accompanying hypothetical question to the vocational expert. In order for a VE's testimony to constitute substantial evidence that a significant number of jobs exists, "the [hypothetical] question[s] must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). A hypothetical question is not required to list all of plaintiff's medical conditions, but is only required to reflect his limitations. *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Thus, "a hypothetical question need not incorporate a listing of the claimant's medical conditions, [so long as] the vocational expert's testimony . . . take[s] into account the claimant's functional limitations, i.e., what he or she 'can and cannot do.'" *Infantado v. Astrue*, 263

Fed. Appx. 469, 476 (6th Cir. 2008) (citation omitted).

"There is no question that subjective complaints of a claimant can support a claim for disability, if there is also evidence of an underlying medical condition in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 150-51 (6th Cir. 1990)). However, "an ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability." *Id.* at 476 (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). Notably, an ALJ's credibility determinations about the claimant are to be given great weight and deference, "particularly since the ALJ is charged with observing the claimant's demeanor and credibility." *Walters*, 127 F.3d at 531.

The ALJ here concluded that plaintiff has the residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant requires the option to sit or stand at will. He should never climb ladders, scaffolds, or ropes and only occasionally climb ramps or stairs, balance, stoop, crouch, kneel, or crawl. He can only occasionally twist or turn at the waist, and never bend. Claimant should avoid concentrated exposure to fumes, odors, dusts, gases, or respiratory irritants. He requires the use of a

16

cane to ambulate distances of 100 feet or more.

(Dkt. 6-2, Pg ID 40).  At the administrative hearing, the ALJ posed a hypothetical

question to the vocational expert that mirrored the plaintiff's RFC.  (Dkt. 6-2, Pg

ID 62-63).  In response, the VE testified that given all these factors, a hypothetical

individual would be able to perform the requirements of occupations such as

assembler small parts (5,000 jobs), inspector/checker/examiner (3,000 jobs), parts

sorter (2,000 jobs), machine feeder (3,000 jobs), and machine operator (5,000

jobs).  (Dkt. 6-2, Pg ID 63).  The ALJ relied on this testimony as substantial

evidence supporting his conclusion that plaintiff is capable of making a successful

adjustment to other work that exists in significant numbers in the national

economy, and that a finding of "not disabled" is therefore appropriate.  (Dkt. 6-2,

Pg ID 43-44).

        First, with respect to a claimant's RFC, as the ALJ is this case properly

noted, even though "the evidence suggests . . . that the claimant's abilities are

perhaps, greater than previously found," the findings of the prior final decision

dated January 25, 2007, including the RFC determination, must be adopted.  (Tr.

14);[3] *see Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997)

_____

        [3] Plaintiff previously filed applications for a period of disability and disability insurance
benefits.  In a decision dated March 10, 2005, ALJ Lawrence E. Blatnick concluded that plaintiff
can perform a limited range of work at the light exertion level and is not disabled under the
Social Security Act.  (Tr. 53).  On January 25, 2007, ALJ Witten issued a decision based on
plaintiff's June 21, 2005 application for a period of disability and disability insurance benefits,
again finding that plaintiff was not disabled.  (Tr. 53-59).  ALJ Witten agreed with and adopted

17

("Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the finding of a previous ALJ."); *see also* Acquiescence Ruling (AR) 98-4(6), 1998 WL 283902, at *3 (June 1, 1998) ("When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law . . . ."). Thus, the ALJ here could not "redetermine the findings of a claimant's residual functional capacity or other issues previously determined in the absence of new and additional material evidence or changed circumstances." *Caudill v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 510, 514 (6th Cir. 2011); *see also Barton v. Colvin*, 2013 WL 5173860, at *2 (E.D. Ky. Sept. 12, 2013) ("What *Drummond* makes clear is that subsequent ALJs do not paint on a blank canvas. The subsequent ALJ is bound by the earlier RFC unless new and material evidence is brought to bear.") (citing *Drummond*, 126 F.3d at 842). "Applying *Drummond*, courts have held, and the Court accepts as established for purposes of this case,

---

ALJ Blatnick's RFC determination, finding that plaintiff had no improvement in his condition from the time Judge Blatnick rendered his decision, and that while his condition worsened for a short period of time, the record indicated that plaintiff's condition actually improved within 12 months. (Tr. 56-57).

18

that to avoid the preclusive effect of a prior ALJ decision, the claimant must produce not only new and material evidence, but that evidence must also show that the claimant's condition worsened since the prior decision." *Price v. Comm'r of Soc. Sec.*, 2013 WL 6549657, at *7 (E.D. Mich. Dec. 13, 2013) (citation omitted). Therefore, the ALJ here was bound to adopt the prior RFC determination. Plaintiff fails to point to any "new and additional material evidence or changed circumstances" requiring the ALJ to adopt a different or more restrictive RFC finding. Indeed, plaintiff testified that his condition is "about the same," "a little worse but not too bad," and his attorney acknowledged that "[t]here is no objective MRI or diagnostic studies that would show a change pathologically, just symptoms." (Tr. 26-27).

Plaintiff instead argues that the ALJ improperly found that plaintiff's claimed limitations, based on his testimony as to his symptoms, were not credible. The ALJ here stated, in relevant part:

> First of all, there is very little objective medical evidence of record to document the existence of any medically determinable impairment that possibly could cause the severe, totally disabling symptomatology that is alleged. At the hearing, the claimant indicated that he was primarily limited due to his back and knee pain, which he indicated was quite severe. However, the claimant's testimony is not well supported by the evidence of record and is not entitled to any controlling weight. The claimant has actually received very little treatment for his pain. Dr. Strong suggested pain shots, but claimant

19

> said he did not want to have any of those.  He testified
> that he does have health insurance but has to pay for
> office visits and his doctor charges $90.00 for an office
> call.  It is reasonable to assume, that if he were in such
> pain to the extent that he cannot perform any full-time
> work activity, he would either pay for the office calls
> from the pension he receives every month, or find
> another doctor who does not charge as much for an
> office call.  He is only taking Vicodin for pain and
> actually, his last few doctor visits for back pain were to
> obtain refills.  Further, the claimant's doctor has never
> expressed an opinion that the claimant is disabled or in
> any way limited to a greater degree than that found by
> the undersigned.

(Tr. 19).  The ALJ considered all the evidence regarding medical care that plaintiff

had received, and found that plaintiff's claimed limitations conflicted with his very

limited treatment history and the lack of objective medical evidence.  (Tr. 18-19).

Plaintiff argues that the ALJ erred in relying on plaintiff's limited treatment

history to discount his credibility, arguing that the reason he has not sought further

treatment was due to not having full medical coverage.  However, "[i]n the

ordinary course, when a claimant alleges pain so severe as to be disabling, there is

a reasonable expectation that the claimant will seek examination or treatment.  A

failure to do so may cast doubt on a claimant's assertions of disabling pain."

*Strong v. Soc. Sec. Admin.*, 88 Fed. Appx. 841, 846 (6th Cir. 2004) (citing

*Williams v. Bowen*, 790 F.2d 713, 715 (8th Cir. 1986)).  The ALJ considered

plaintiff's explanation for his limited treatment and found that if plaintiff's

conditions caused the degree of pain he alleged, it would be reasonable to assume that he would have paid for treatment from his pension or sought a less expensive doctor. (Tr. 19). Indeed, as the Commissioner notes, plaintiff indicated that he has not determined whether his pension system offered more comprehensive insurance. (Tr. 35-36). Thus, the undersigned suggests that the ALJ did not err in finding plaintiff's allegations of disabling pain not credible, in part, due to his limited, conservative treatment during the relevant time period. *See Williams*, 790 F.2d at 715 ("A claimant's allegations of disabling pain may be discredited by evidence that he or she has received minimal medical treatment and/or has taken medications, other than aspirin, for pain only on an occasional basis."); *see also Ealy v. Comm'r of Soc. Sec.*, 172 Fed. Appx. 88, 90 (6th Cir. 2006) (upholding ALJ's determination that claimant's "claimed limitations 'were not fully credible' because they were 'inconsistent with . . . the lack of more aggressive treatment . . . and the claimant's ordinary activities.'").

Moreover, plaintiff's limited treatment history was not the ALJ's sole reason for discounting plaintiff's credibility. The ALJ also noted that plaintiff's treating physician suggested epidural steroid injections, but plaintiff refused and said he did not want to have them, and that plaintiff was only taking Vicodin for pain relief. (Tr. 19). Indeed, the record reveals that plaintiff received almost no treatment for the conditions he alleges were disabling through his date last

21

insured.  As the Commissioner correctly states, between February 1, 2007,

plaintiff's alleged disability onset date, and June 30, 2008, his date last insured,

plaintiff only complained of back pain during one visit with his doctor, and the

only treatment he received was a prescription for Vicodin.  (Tr. 141, 143).[4]

Further, the ALJ noted that plaintiff's doctor has never expressed an opinion that

plaintiff is disabled or in any way more limited than found by the ALJ (Tr. 19),

and as plaintiff's attorney conceded, the record contains no clinical findings or

diagnostic studies concerning plaintiff's back and knee condition.  (Tr. 26-27).

The ALJ further properly noted that plaintiff stated that he is able to perform some

yard work such as cutting the grass with a riding mower and can do some

housework such as occasional vacuuming, and that he builds birdhouses in his

garage as a hobby.  *See Walters*, 127 F.3d at 532 ("An ALJ may also consider

household and social activities engaged in by the claimant in evaluating the

---

[4] The relevant time period here is from plaintiff's alleged onset date, February 1, 2007, through his date last insured, June 30, 2008.  Plaintiff argues that the record contains complaints of "chronic low back pain," but only includes one visit during the relevant time period.  (Tr. 143).  The remaining visits pre-date or post-date the relevant time period.  (Tr. 141, 147, 160).  Evidence related to events after a claimant's date last insured need only be considered to the extent that it is relevant to plaintiff's condition before his date last insured.  *See Wirth v. Comm'r of Soc. Sec.*, 87 Fed. Appx. 478, 480 (6th Cir. 2003).  A review of the ALJ's decision shows that the ALJ did consider this later record evidence in rendering his decision, noting that plaintiff returned in July 2009 and August 2010 for refills of Vicodin, and that in February 2010, plaintiff had a cyst surgically removed from his cheek.  (Tr. 18).  The records post-dating plaintiff's date last insured merely indicated complaints of lower back and leg pain and continued prescriptions of Vicodin, and do not show a worsening of plaintiff's conditions or support a finding of disability.  *See King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990) (district court correctly found that medical evidence of disability after the date last insured did not qualify claimant as disabled prior to that date).

claimant' assertion of pain or ailments.") (citing *Blacha v. Sec'y of Health &
Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990)).

Accordingly, the ALJ properly applied the correct standard in evaluating
plaintiff's subjective complaints of pain and other purportedly disabling
symptoms.  The ALJ's findings regarding a claimant's credibility are to be
accorded great weight and deference, particularly because the ALJ is charged with
the duty of observing a claimant's demeanor and credibility.  *Walters*, 127 F.3d at
531.  The ALJ conducted a thorough evaluation of plaintiff's complaints in light
of the objective medical evidence of record, his reported daily activities, and other
pertinent factors.  Plaintiff has not offered any evidence, other than his
unsupported testimony, that his condition has changed or worsened since the prior
decision.  Accordingly, substantial evidence supports the ALJ's determination
based on the medical and other evidence of record that plaintiff is not disabled.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that
plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for
summary judgment be **GRANTED**, and that the findings of the Commissioner be
**AFFIRMED**.

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 8, 2014                         s/Michael Hluchaniuk
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 8, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Richard J. Doud, Andrew J. Lievense, AUSA, and Russell Cohen, Social Security Administration</u>.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
